O. O. McHENRY, Administrator, Appellee, v. HUFF & CHAFFEE, Appellants.

Promissory Note: PAYMENT : ESTOPPEL.    In an action upon a promissory note it appeared that under a stipulation between the defendants and the plaintiff's intestate the note in suit together with a note held by the defendants, and secured by mortgage upon certain cattle, were placed in a bank to await the sale of said mortgaged cattle, and that the proceeds therefrom were thereupon to be applied upon the note in suit.    Notwithstanding such agreement the defendants appeared at the bank immediately after the receipt of the proceeds from the sale of said cattle, and demanded that the same be placed to their private account, and no part thereof was applied upon the note in suit as agreed.    *Held,* that the plaintiff was not estopped because of said stipulation from maintaining an action upon said note.

*Appeal from Harrison District Court.*—Hon. C. H.
Lewis, Judge.

Wednesday, May 20, 1891.

,Action upon a promissory note, for thirteen hun-
dred dollars and interest. There was a defense of pay-
ment, and also another defense, which was designated
as an estoppel." There was a trial by jury, and a
verdict and judgment for the plaintiff. The defendants
appeal.—*Affirmed.*

*S. H. Cochran,* for appellants.

*L. R. Bolter & Sons,* for appellee.

Rothrock, J.—The facts as shown by the undis-
puted evidence are, in substance, as follows: The note
in suit was given by the defendants to Robert Hall on
June 22, 1883. Hall has since died, and the plaintiff is
his administrator. Hall was anxious to collect his note
of the defendants. The defendants held a note of some
sixteen hundred dollars on one Long, secured by a
chattel mortgage on some cattle which were then being
fattened for market. An arrangement was made by
which both notes and the chattel mortgage were deposited
with the Boyer Valley Bank, and when the cattle should
be marketed the proceeds were to be applied in pay-
ment of the defendant's note to Hall. The cattle were
marketed, and the money for which they were sold was
received by the bank. When the money was received
the defendants appeared promptly at the bank, and
demanded that the money should be placed to their
credit on private account. The bookkeeper of the bank
testified to the transaction as follows: "Huff & Chaffee
got the money on this Long note, which was secured by
chattel mortgage on the cattle which were sold in Chi-
cago." These are the plain, unvarnished facts, as shown
by the evidence.

Counsel for the appellants claim that the court did not fairly state the issues to the jury, and that other serious errors are to be found in the instructions to the jury. We must decline to consider these alleged errors further than to say that about the only error we discover is that the court entertained the defense at all. There should have been an instruction to the jury to return a verdict for the plaintiff. If there is any estoppel in the case, it is against the defendants. How they could be permitted to appear at the bank, and take the money, and now claim that plaintiff is estopped from maintaining an action against them, surpasses the wildest range of imagination, to say nothing of the law governing the rights of parties to a transaction like this. AFFIRMED.